**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSE FRANCISCO BARRERA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-231-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Jose Francisco Barrera, TDCJ-ID #1176627, is in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Dilley, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

In October 2002 Barrera was charged by indictment with two counts of aggravated sexual

assault of L.G., a child younger than fourteen years of age, in cause number 0857587D in the Criminal District Court No. 2 of Tarrant County, Texas.[1]  (Clerk's R. at 3.)  On April 30, 2003, a jury found Barrera guilty of the offenses, and the trial court assessed his punishment at forty years' confinement on each count.  (*Id.* at 57.)  Barrera appealed his convictions, however the Second District Court of Appeals affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Barrera v. Texas*, No. 2-03-261-CR, slip op. (Tex. App.–Fort Worth Oct. 28, 2004); *Barrera v. Texas*, PDR No. 131-05.  Barrera filed this federal petition for habeas relief on March 30, 2006. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

Evidence adduced at trial shows that Barrera had sexual contact with his wife's six-year-old sister, L.G.,[2] on more than one occasion, during which he touched her genitals with his hand and/or his penis.  (3Reporter's R. at 39-86.)  Barrera told L.G. not to tell anyone and threatened to hurt her or her family if she did.  (*Id.* at 64-65, 70.)  During her sexual assault exam, L.G. identified Barrera as her abuser and described the abuse to the examiner.  (*Id.* at 97-99.)  L.G. denied that anyone else had sexually abused her.  (*Id.* at 111-13.)  L.G. tested positive for rectal and vaginal chlamydia, a sexually transmitted disease, but otherwise had a normal genital and anal exam.  (*Id.* at 100-03, 111-15.)  At trial, L.G. testified that an uncle, Tomas Cana, had subsequently sexually abused her as well.  (*Id.* at 82-86; 2Reporter's R. at 4-7.)

---

[1]The state abandoned counts three and four alleging two instances of indecency with a child. (Clerk's R. at 3.)

[2]"L.G." are the initials for the pseudonym used for the victim in the indictment. (2Reporter's R. at 10-11.)

D.  ISSUES

In three grounds, Barrera claims the trial court erred in overruling his (1) motion for continuance, (2) objection to hearsay testimony, and (3) motion for instructed verdict for insufficient evidence.  (Petition at 7.)

E.  RULE 5 STATEMENT

Quarterman believes that Barrera has failed to exhaust available state remedies as to his second and third claims, as required by 28 U.S.C. § 2254(b)(1)(A), and that his first claim is procedurally barred.  (Resp't Answer at 5.)

F.  EXHAUSTION

State prisoners seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state.  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).  Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a

postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal

Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

It appears that Barrera has not exhausted his state court remedies in a procedurally correct

manner with respect to his second and third claims. *See O'Sullivan*, 526 U.S. at 842-88; *Bautista*

*v. McCotter*, 793 F.2d 109, 110 (5th Cir.  1986); *Richardson*, 762 F.2d at 432; *Carter*, 677 F.2d at

443.  Barrera failed to raise the claims in his petition for discretionary review and there is no proof

that he has filed a state postconviction habeas corpus application.  Thus, because the state court was

deprived a fair opportunity to consider the merits of the claims, the claims are unexhausted for

purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001).

Barrera must first pursue his state habeas corpus remedies as to the claims before seeking federal

relief under § 2254.  Absent a showing that state remedies are inadequate, such showing not having

been demonstrated by Barrera, dismissal of the claims for lack of exhaustion is warranted. *See* 28

U.S.C. §2254; *Fuller v. Florida,* 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505,

506 (5th Cir. 1972).

## G.  PROCEDURAL DEFAULT

Barrera has sufficiently exhausted his first claim that the trial court erred by denying his

motion for continuance, however the claim is procedurally barred.  Under the procedural default

doctrine, a federal court may not consider a state prisoner's federal habeas claim when the last state

court to consider the claim expressly and unambiguously based its denial of relief on an independent

and adequate state procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 729, (1991);

*Johnson v. Puckett*, 176 F.3d 809, 823 (5th Cir. 1999); *Fisher*, 169 F.3d at 300.

Barrera filed a motion for continuance on the day trial began requesting time to obtain the

presence of Tomas Cana, the child's uncle, as a witness who, if he agreed to testify, could exonerate Barrera. (Clerk's R. at 35-36.) Apparently, Cana had also been charged by the state with sexually assaulting, or indecency with, L.G. (2Reporter's R. at 4-7.) The trial court found, based on information from the state prosecutor, that Cana's abuse of L.G. occurred subsequent to Barrera's, and it denied the motion. Barrera also raised the claim in his appellate brief and his motion for rehearing in the Second District Court of Appeals. However, in its opinion, the state appellate court expressly overruled Barrera's claim on the basis that he had failed to follow the proper method for preserving error in the overruling of a motion for continuance. *Barrera*, No. 2-03-261-CR, slip op. at 3. The appellate court's ruling was independent of the merits of Barrera's claim and is an adequate ground to bar federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001). Absent cause and prejudice or a demonstration that a failure to consider the claim will result in a fundamental miscarriage of justice, Barrera's claim is barred from review in a federal habeas corpus action. *Coleman*, 501 U.S. at 750.

## II.  RECOMMENDATION

Barrera's first claim in his petition should be denied as procedurally barred. Barrera's second and third claims should be dismissed for failure to exhaust without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply should Barrera return to this court upon exhaustion of his state remedies.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until October 31, 2006.  The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 31, 2006,

to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is

returned to the docket of the United States District Judge.

SIGNED October 10, 2006.


                                        /s/    Charles Bleil
                                        CHARLES BLEIL
                                        UNITED STATES MAGISTRATE JUDGE